IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COASTAL BANK & TRUST, a Division of Synovus Bank, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 13-0430-WS-B ) |
| EDWARD D. CATRETT, | ) ) |
| Defendant. | ) ) |

ORDER

This matter comes before the Court on the parties' Joint Motion to Stay Proceeding (doc. 28). The Motion and the case file reflect that this action is related to another lawsuit pending in this District Court, styled *Coastal Bank & Trust v. Merrill B. Catrett and Edward D. Catrett*, Civil Action 14-0213-WS-B. On June 18, 2014, the undersigned entered an Order in the related case extending defendants' deadlines for filing responsive pleadings through July 21, 2014, based on defendants' representation (with no objection from plaintiff's counsel) that a global compromise settlement of both actions appears imminent. The parties now jointly request a stay of this action for the same reason, to-wit: They "have had extensive settlement discussions and believe that a settlement of this case may be reached shortly." (Doc. 28, ¶ 2.)

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances"). In exercising this discretion, district courts have considered such

factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).

Based on the specific facts identified in the Joint Motion to Stay, the Court agrees that entry of a temporary stay to allow the parties to focus their resources on settlement negotiations is proper and appropriate. If those negotiations are successful, then the interests of efficiency, judicial economy and conservation of litigant resources will have been well served by entry of this temporary stay. If they are not successful within a reasonably confined period of time, then this action can be promptly restored to a litigation track with minimal inconvenience and disruption to the parties and the Court alike. Moreover, because both parties have requested such relief, there is no concern that entry of a stay will unfairly prejudice or disadvantage any party.

In light of the foregoing, the Court finds that there are considerable benefits to entry of a temporary stay at this time to enable the parties to focus on attempting to reach a reasonable compromise or, at a minimum, narrowing the claims and issues joined for trial. Under the circumstances of this case, a brief stay will accomplish these benefits with a negligible risk of undue delay, prejudice or harm to any party. Because entry of the requested stay will serve the interests of justice, the Court exercises its discretion by **granting** the Joint Motion to Stay (doc. 28). This action, and all associated discovery, pretrial and trial deadlines, are hereby **stayed** through and including **August 25, 2014**, at which time the stay will expire and this action will be referred to Magistrate Judge Bivins for entry of an amended Rule 16(b) Scheduling Order. Should a settlement be reached in the interim, the parties should notify the Court promptly.

DONE and ORDERED this 24th day of June, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE